**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:26-CR-118** |
| | : | |
| **v.** | : | **(Judge Neary)** |
| | : | |
| **DONALD MCLEAN,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

Presently before the court is the defendant's second motion to travel. (Doc. 60). As the title of the instant motion suggests, defendant Donald McLean moved for permission to travel once before in this matter, a motion which Chief Magistrate Judge Daryl Bloom granted over the government's objections. (Doc. 47). The government chose not to file a brief in the instant motion, instead resting on its prior arguments in this matter. (See Docs. 46, 62). As explained below, the court will grant the motion in part.

The government's arguments were rejected in the prior adjudication. (Doc. 47). Since that time, the only fact which has changed is that McLean has traveled internationally once pursuant to the prior motion, without any alleged violation of any terms of his pre-trial release, nor the terms set by Judge Bloom for that international travel. (Doc. 61). Therefore, the court has little difficulty in deciding the instant motion should also be granted and will impose the same conditions as the prior grant.[1] (Doc. 47). Notably, this includes a $3 million unsecured appearance bond.

---

[1] These conditions are included in the court's order accompanying this memorandum.

However, the court cannot grant the motion in full. While the court sees no reason to prohibit McLean's travel for business purposes, he has simply not given the court sufficient time to approve the November 6th date of departure. The motion was filed on November 2nd. (Doc. 60). That left four days between filing and proposed departure. Judge Bloom's prior conditions reasonably required McLean to provide his full travel itinerary to his probation officer no less than 72 hours before departure. (Doc. 47). The court will impose the same condition in this matter, meaning that McLean cannot fulfill the condition in time to travel on November 6. Instead, the court will approve this trip, but only from November 10-22.[2] The request to travel to Poland from December 8-22 does not suffer from this timing issue and so is approved as requested.

To the extent the parties have other matters presently ripe for adjudication on the docket, they are not ruled upon here. An appropriate order follows.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

---

[2] Considering changes may be necessary to the defendant's itinerary given the court's ruling here, it is noted that departure date later than November 10 would not require the court's further approval, but a return later than November 22 would.